UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:

Rollaguard Security, LLC,

    Debtor.
_____/

ROBERT C. FURR, Trustee,

Plaintiff,

v.

BERGMAN LIMITED, INC., d/b/a
Bergman Jewelers,

    Defendant.
_____/

Case No. 14-38071-BKC-EPK

Chapter 7

Adv. No. 16-01703-BKC-EPK-A

**DEFENDANT'S OBJECTION TO DECLARATION OF JESUS M. SUAREZ, ESQ.
IN CONNECTION WITH TRUSTEE'S MOTIONS TO COMPEL DEPOSITIONS
AND REQUEST THAT MAXIMUM AMOUNT OF SANCTIONS BE LIMITED**

COMES NOW Bergman Limited, Inc. d/b/a Bergman Jewelers ("Bergman"), by and through undersigned counsel, and objects to the Declaration of Jesus M. Suarez, Esq. in Connection with Trustee's Motions to Compel Depositions ("Declaration"), and states:

1.    In paragraph 3 of the Declaration, the Affiant stated that it reviewed records of "hearings" connected with its firm's sanctions motions. There was only one such hearing on sanctions, and the use of the plural form is a misrepresentation which renders the Declaration objectionable. Bergman further objects to the times and associated costs declared by Trustee's counsel to be chargeable to Bergman, and states as follows:

2.    In (a), 1.4 hours are charged for "Preparation for Bergman Deposition" but

represents work which will also apply to the newly-set deposition, so that there was no unnecessary duplication of effort, and this amount should therefore not be charged as a sanction.

3. In (b), 4.8 hours of 5.3 hours were charged for "Travel" which should not be charged because the Trustee could have selected from numerous competent local firms which would not have incurred travel time driving to and from Miami. The trustee should have selected a local firm in the interest of mitigating charges for which the Estate would be liable. The appropriate amount which should have been charged is the 0.5 hours which was spent waiting for the deposition which did not take place. In addition, the Affiant should be required to attest that he did not work on other billable matters by phone while travelling.

4. In (d), 3.2 hours were charged for "Travel" to attend the November 8, 2017 hearing, which should should not be charged as a sanction because attorney Suarez also appeared in court to attend another Rollaguard-related hearing at that time on that date. Moreover, inclusion of this amount by the Trustee is inappropriate and is sufficient cause to view the entire Declaration with distrust. In addition, the Affiant should be required to attest that he did not work on other billable matters by phone while travelling.

5. In (e), 0.6 hours were charged for "Preparation" for the compulsion/sanctions hearing, which time is separate and apart from time spent preparing the motion for sanctions, and appears to be an incredible charge. Therefore, this amount should not be imposed as a sanction, and is an additional reason to view the entire declaration with distrust.

6. A total of ten (10) hours should therefore be deducted from the Trustee's sanctions demand, leaving 1.9 hours as the maximum amount which should be charged to Bergman for failing to appear at deposition.

7. The inappropriateness of the charges in paragraph (a), the wastefulness of the

amounts claimed in paragraph (b), and the disingenuousness nature of the of the charges which were asserted by the Trustee in paragraphs (d) and (e), renders the Declaration objectionable.

8. Nor was any proof provided for the $127.50 claimed for court reporter fees, or the $350 hourly fee which was asserted as the hourly rate which attorney Suarez charges to the Trustee.

WHEREFORE, for the reasons stated above, Defendant requests that the Court find the Declaration to be objectionable, and that the maximum amount of hourly fees chargeable to Bergman be determined to be 1.9 hours at a reasonable hourly rate which is determined to be reasonable but which should not exceed $350 per hour.

**S I S K I N D   L E G A L**

   */s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esquire
FBN 138746
Trump Plaza Office Center
525 S. Flagler Drive, Box 7
West Palm Beach, FL  33401
TEL    (561) 791-9565
FAX    (561) 791-9581
Email: jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Objection was served upon all appropriate parties this 10th day of November, 2017 by CM/ECF as follows:

Leslie S. Osborne, Esq. on behalf of Mediator Leslie S. Osborne
office@rorlawfirm.com, 4275819420@filings.docketbird.com

Jesus M Suarez on behalf of Plaintiff Robert C. Furr, not individually but as the Chapter 7 Trustee
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;ecastellanos@gjb-law.com

   */s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esquire
FBN 138746

Case 16-01703-EPK  Doc 55  Filed 11/10/17  Page 4 of 4