UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 14-38071-BKC-EPK |
| | Chapter 7 |
| ROLLAGUARD SECURITY, LLC, | |
| SHAMROCK JEWELERS, INC., | (Substantively Consolidated) |
| SHAMROCK JEWELERS LOAN | |
| & GUARANTEE, LLC, | |
| Debtors. | |
| _____/ | |
| ROBERT C. FURR not individually but | ADV. NO. 16-01703-BKC-EPK-A |
| as Chapter 7 Trustee of the estate of the | |
| Debtors, | |
| Plaintiff, | |
| v. | |
| BERGMAN LIMITED, INC. d/b/a | |
| Bergman Jewelers, | |
| Defendant. | |
| _____/ | |

## TRUSTEE'S RESPONSE TO THE EMERGENCY MOTION TO AMEND AFFIRMATIVE DEFENSES

Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7 Trustee of the bankruptcy estate of the Debtor, Rollaguard Security, LLC ("Rollaguard") and the substantively consolidated debtors Shamrock Jewelers, Inc., a Florida corporation, an Shamrock Jewelers Loan & Guarantee, LLC, (collectively, the "Shamrock Entities," and together with Rollaguard, the "Debtors"), by and through undersigned counsel, hereby files this Response to the Emergency Motion to Amend Affirmative Defenses and states:

1. The Emergency Motion is procedurally improper in that it fails to comply with Local Rule 9075-1 in no less than **four** ways:

   a. "If a motion or other paper requests an emergency hearing, the title of the motion or paper shall include the words "Emergency Hearing Requested"."[1] The Emergency Motion does not include the necessary language.

   b. "Any motion or paper requesting an emergency hearing shall set forth with particularity… the reason for the exigency and the date by which movant reasonably believes such hearing must be held."[2] The Emergency fails to state, with particularity, the reason for the exigency.

   c. "Any motion or paper requesting an emergency hearing shall set forth with particularity…a certification that the proponent has made a bona fide effort to resolve the matter without hearing."[3] Opposing counsel made no attempt to resolve the matter without a hearing. Accordingly, there is no certification of bona fide effort to resolve the matter without a hearing.

   d. Local Rule 9075-1 states that emergency hearings shall be held only where there is direct, immediate and substantial harm that will occur if the parties are not able to obtain an immediate resolution. The Emergency Motion makes no allegation of direct, immediate or substantial harm at all.

2. For the total failure to comply with Local Rule 9075-1 alone, the Emergency Motion should be denied.

---

[1] Local Rule 9075-1.
[2] *Id*.
[3] *Id*.

3. The Emergency Motion is untimely in that it fails to comply with Fed. R. Civ. P. 15. Rule 15(a)(1)(a) permits a party to amend its pleading within 21 days after serving it. Defendant's Answer [ECF No. 26], which contained the Affirmative Defenses, was filed on August 23, 2017. Under Rule 15(a)(1), Defendant could amend on or before Tuesday, September 12, 2017. Instead, Defendant filed the Emergency Motion on November 15, 2017, missing the deadline by 67 days.

4. Furthermore, Rule 15(a)(1)(b) mandates a response be filed 21 days after service of a responsive pleading. The Emergency Motion was therefore strategically timed so that the deadline would fall on December 5, 2017, that date on which this matter is set for trial. Given the vague and conclusory assertions in the Emergency Motion regarding Mr. Bergman's deposition testimony, Defendant offers no remotely substantive reason to support the filing of an untimely motion.

5. Notwithstanding, the Emergency Motion asserts that the Defendant's deposition testimony necessitates procedurally improper filing. Yet, Mr. Bergman only appeared for deposition after: (1) the Trustee filed Plaintiff's Motion to Compel Deposition and For Sanctions [ECF No. 32]; (2) the Trustee filed and the Plaintiff's Second Motion to Compel Deposition and for Sanctions [ECF No. 41]; (3) this Court ordered his appearance in granting the above referenced motions [ECF No. 60]; and, (4) this Court awarded attorney's fees and costs of $2,595.00 related to the time spent and expenses incurred in preparing for and attending the October 27, 2017 deposition where the Defendant failed to show. Because of the nature and context surrounding the delay that lead to this filing, public policy would not be served by allowing those who act wrongfully to benefit from their actions.

6. Accordingly, Plaintiff respectfully requests the Court deny the Emergency Motion.

WHEREFORE, Plaintiff respectfully requests this Court to enter an Order granting the relief requested herein, and granting such other and further relief as the Court deems just and proper.

Dated: December 1, 2017.

>Respectfully submitted,
>
>GENOVESE JOBLOVE & BATTISTA, P.A.
>*SPECIAL COUNSEL FOR THE TRUSTEE*
>100 SE 2nd Street, Suite 4400
>Miami, FL 33131
>Tel.: (305) 349-2300
>Fax: (305) 349-2310
>
>/s/ Jesus M. Suarez
>Jesus M. Suarez, Esq.
>Florida Bar No. 60086
>jsuarez@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of December, 2017, I electronically the foregoing was served via CM/ECF Notification and/or U.S. Mail to all parties on the attached service list.

>/s/ Jesus M. Suarez
>Jesus M. Suarez, Esq.

## SERVICE LIST

*Served Via CM/ECF Notification*

Jeffrey M Siskind on behalf of Defendant Bergman Limited, Inc. d/b/a Bergman Jewelers
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C. Furr, not individually but as the Chapter 7 Trustee
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;ecastellanos@gjb-law.com