UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>ROLLAGUARD SECURITY, LLC,<br><br>    Debtor.<br>_____/ | Case No. 14-38071-BKC-EPK<br>Chapter 7 |
| ROBERT C. FURR not individually but<br>as Chapter 7 Trustee of the estate of the<br>Debtor, Rollaguard Security, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BERGMAN LIMITED, INC. d/b/a<br>Bergman Jewelers,<br><br>    Defendants.<br>_____/ | ADV. NO. 16-01703-BKC-EPK-A |

## NOTICE OF FILING SETTLEMENT AGREEMENT AND REQUEST TO CANCEL TRIAL SCHEDULED FOR DECEMBER 5, 2017

Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7 Trustee of the bankruptcy estate of the Debtor, Rollaguard Security, LLC ("Rollaguard") and the substantively consolidated debtors Shamrock Jewelers, Inc., a Florida corporation, an Shamrock Jewelers Loan & Guarantee, LLC, (collectively, the "Shamrock Entities," and together with Rollaguard, the "Debtors"), gives notice of filing the Settlement Agreement annexed hereto as Exhibit A, and requests the Court cancel trial scheduled on December 5, 2017 and all other matters scheduled for hearing in connection thereto. Attached as Exhibit "B" is an e-mail from Defendant's counsel confirming the agreement between the parties.. The Trustee will seek approval of the Settlement Agreement pursuant to Rule 9019 in the Main Case in short order.

**WHEREFORE**, the Trustee respectfully requests the Court to cancel the trial in connection with this adversary proceeding, along with all pending hearings, and for such further relief as the Court may deem appropriate.[1]

Respectfully submitted this 4th day of December, 2017.

>GENOVESE JOBLOVE & BATTISTA, P.A.
>Special Counsel to the Chapter 7 Trustee
>100 S.E. 2nd Street, Suite 4400
>Miami, Florida 33131
>Tel. (305) 349-2300
>Fax. (305) 349-2310
>
>By: /s/   Jesus M. Suarez
>     Jesus M. Suarez, Esq.
>     Florida Bar No. 60086
>     John H. Genovese, Esq.
>     Florida Bar No. 280852

---

[1] The Settlement Agreement does not release Defendant of its obligation to comply with the Court's November 21, 2017 Sanctions Order [ECF No. 63].

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of December, 2017, a copy of the foregoing was served to the parties listed on the attached service list and any party registered with CM/ECF participant who has consented to electronic notice and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

By:   /s/ Jesus M. Suarez
       Jesus M. Suarez, Esq.

## SERVICE LIST

*Via CM/ECF Notification*

Jeffrey M Siskind on behalf of Defendant Bergman Limited, Inc. d/b/a Bergman Jewelers
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C. Furr, not individually but as the Chapter 7 Trustee
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;ecastellanos@gjb-law.com

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 14-38071-BKC-EPK |
| | Chapter 7 |
| ROLLAGUARD SECURITY, LLC, | |
| SHAMROCK JEWELERS, INC., | (Substantively Consolidated) |
| SHAMROCK JEWELERS LOAN | |
| & GUARANTEE, LLC, | |
| | |
|     Debtors. | |
| _____/ | |
| | |
| ROBERT C. FURR not individually but | ADV. NO. 16-01703-BKC-EPK-A |
| as Chapter 7 Trustee of the estate of the | |
| Debtors, | |
| | |
|     Plaintiff, | |
| | |
| v. | |
| | |
| BERGMAN LIMITED, INC. d/b/a | |
| Bergman Jewelers, | |
| | |
|     Defendant. | |
| _____/ | |

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** was entered on the date stated below, by and between (i) Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7 Trustee of the bankruptcy estate of the Debtor, Rollaguard Security, LLC ("Rollaguard") and the substantively consolidated debtors Shamrock Jewelers, Inc., a Florida corporation, and Shamrock Jewelers Loan & Guarantee, LLC, (collectively, the "Shamrock Entities," and together with Rollaguard, the "Debtors"), and (ii) BERGMAN LIMITED, INC. d/b/a Bergman Jewelers, ("Bergman" or "the "Settling Party," and together with the Trustee, the "Parties," or each individually, "Party").

**WHEREAS**, on December 30, 2014 (the "Petition Date"), Rollaguard filed a voluntary petition for relief under Chapter 7, Title 11 of the United States Code (the "Bankruptcy Code"). [Main Case, ECF No. 1] (the "Bankruptcy Case") which is pending in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

**WHEREAS**, on August 20, 2015, the Trustee filed an Expedited Motion to Substantively Consolidate Non-Debtors (i) Shamrock Jewelers, Inc.; and (ii) Shamrock Jewelers Loan &

Guarantee, LLC [ECF No. 110] (the "Substantive Consolidation Motion"). On September 23, 2015, the Court granted the Substantive Consolidation Motion, and provided that creditors of the Shamrock Entities were to file claims in the consolidate estates by no later than December 22, 2015 [ECF No. 126] (the "Substantive Consolidation Order"). The Court explicitly reserved that, in granting the Substantive Consolidation Motion, all avoidance actions under federal or state law held by the Shamrock Entities against any third party were fully preserved for the benefit of the bankruptcy estate. [ECF No. 126 at ¶3].

**WHEREAS,** on December 29, 2016, the Trustee commenced an adversary proceeding in the Bankruptcy Case (Adversary Case No. 16-01703-RBR-A)(the "Adversary Proceeding") to recover certain transfers from the Debtors to Bergman. [Adv. ECF No. 1].

**WHEREAS**, the Settling Party has advised the Trustee of his intention to vigorously defend the claims asserted against him and has disputed the Trustee's entitlement to avoid and recover such amounts.

**WHEREAS**, in the interest of avoiding further costly and time-consuming litigation, the Trustee and the Settling Party have agreed to the terms set forth in this Settlement Agreement (the "Settlement");

**THEREFORE**, in consideration of the foregoing and the agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1. Bergman shall pay the Trustee $7,500.00 (the "Settlement Amount") within five (5) calendar days of the entry of an order of the Bankruptcy Court approving the Settlement, by check payable to Robert C. Furr, Chapter 7 Trustee, and delivered to the Trustee at Furr and Cohen, P.A., 2255 Glades Rd. Suite 337W, Boca Raton, FL 33431.

2. If the Settling Party fails to timely make payment of the Settlement Amount as set forth in paragraph 1 above, the Parties agree that the Trustee shall have the right to proceed to final judgment against the Settling Party in the Adversary Proceeding in the amount of $55,000.00, upon the filing of an affidavit of nonpayment in the Adversary Proceeding, with notice to the Settling Party and the opportunity to be heard by the Bankruptcy Court.

3. In consideration of, and upon receipt and clearance of the Settlement Amount, and upon an order of the Bankruptcy Court approving the Settlement becoming a Final Non-Appealable Order, the Trustee, on behalf of the Debtors, and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "Rollaguard Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtors, or their estates may hold against the Settling Party and any of their successors and assigns in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Rollaguard Releasors, from the beginning of time,

heretofore or hereafter possessed or may possess against the Settling Party, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Rollaguard Releasors, including all claims alleged, or which could have been alleged in the Adversary Proceeding regarding the Transfers, as defined therein, except for the rights, duties and obligations as provided in this Settlement Agreement.  **Nothing herein shall serve to release Bergman's obligations pursuant to the Order Awarding Attorney's Fees and Costs [ECF No. 63] which remains in full force and effect.**

In consideration of the foregoing, the Settling Party and any of their successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtors, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Party, from the beginning of time, heretofore or hereafter possessed or may possess against the Trustee, the Debtors, the Debtors' Estates or the Debtors' Estates' representatives, agents and attorneys, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement.

4. Within 10 days of the latter of (i) receipt and clearance of the Settlement Funds as set in paragraph 1 above, or (ii) an order of the Bankruptcy Court order approving the Settlement becoming a Final Non-Appealable Order, the Trustee will dismiss, with prejudice, the Adversary Proceeding, with each party to bear its own cost and fees incurred in relation to the Adversary Proceeding to date and all additional fees and costs which may be incurred through the approval of this Settlement.

5. Miscellaneous.

(a) <u>Entire Agreement</u>.  The Parties hereby acknowledge that this Settlement constitutes the entire agreement by and between the Trustee and the Settling Party and that there are no communications or oral understandings by or between the Parties contrary to or different from this Settlement.

(b) <u>Amendment</u>.  The terms and provisions of this Settlement cannot be amended, modified or supplemented orally or by course of conduct or course of dealing, but only in a writing signed by each of the Parties.

(c) <u>Waivers</u>.  The failure of a Party to require performance of any provision of this Settlement shall in no manner affect its right at a later time to enforce such provision.  No waiver by a Party of any condition or of any breach of any term, covenant, representation or warranty contained in this Settlement shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition or breach in other instances or a waiver of any other condition or breach of any other term, covenant, representation or warranty.

(d) <u>Counterparts</u>. This Settlement may be executed in one or more counterparts, or by the Parties in separate counterparts, each of which when so executed shall be deemed an original, but all of which together shall constitute one and the same instrument.

(e) <u>Interpretation</u>. None of the Parties shall be considered the draftsman of this Settlement, and there shall be no presumption of construing ambiguities or interpretations under this Settlement against a particular Party**.**

(f) <u>Assignment</u>. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective estates, heirs, legal representatives, successors and assigns; provided, however that no assignment or transfer of this Settlement shall be permissible except by (i) operation of law, or (ii) pursuant to an order of the Bankruptcy Court.

(g) <u>Severability</u>. If any provision of this Settlement Agreement shall be held invalid or unenforceable, the validity, legality or enforceability of the other provisions of this Settlement shall not be affected, and the Parties shall use best forth efforts to remedy any invalid or unenforceable provisions by substituting a valid and enforceable provision as similar as possible to the provision at issue.

(h) <u>Applicable Law</u>. This Settlement shall be governed by and construed and enforced in accordance with the laws of the State of Florida to the extent state law is applicable.

(i) <u>Jurisdiction and Venue</u>. The Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce and construe the provisions of this Settlement and the Parties consent to the Bankruptcy Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under this Settlement.

(j) <u>Prevailing Party Fees</u>. The Parties agree to pay all fees, costs and expenses incurred by the prevailing party, as determined by a court of competent jurisdiction, in connection with the enforcement and litigation of this Settlement, including all reasonable related attorneys' fees, court costs and expert witness fees, whether incurred prior to litigation, during litigation or post-litigation and including bankruptcy, mediation or arbitration proceedings.

(k) <u>Debtor's Estate</u>. The term "Debtor's Estate," as used in this Settlement, shall have the meaning described in 11 U.S.C. § 541.

6. All notices required or permitted to be given under this Settlement shall be in writing and shall be deemed delivered when personally delivered or received from an overnight delivery courier service in addition to service via e-mail, addressed as follows:

If to the Settling Party:

Jeffrey M. Siskind, Esquire
S I S K I N D   L E G A L
Trump Plaza Office Center
525 S. Flagler Drive, Box 7
West Palm Beach, FL  33401
TEL  561-791-9565
FAX  561-791-9581
jeffsiskind@msn.com
jeffsiskind@gmail.com

If to the Trustee:

Robert C. Furr
Furr and Cohen, P.A.
2255 Glades Rd. Suite 337w
Boca Raton, Fl  33431
Office 561-395-0500
E-Mail: rfurr@furrcohenpa.com

with a copy to:

Jesus M. Suarez, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. Second Street - Suite 4400
Miami, Florida 33131
E-Mail: jsuarez@gjb-law.com

7. Each party to this Settlement represents and warrants that it is duly authorized to execute this Settlement and that the person through whom each party executes this Settlement is fully and duly empowered and authorized to execute it on the respective party's behalf.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement to be executed and delivered as of the date first above written.

Dated: December 1, 2017

Robert C. Furr, Chapter 7 Trustee of
Rollaguard Security, LLC, Shamrock Jewelers, Inc.,
and Shamrock Jewelers Loan & Guarantee, LLC

_____

Dated: December 1, 2017

**BERGMAN LIMITED, INC. d/b/a**
**Bergman Jewelers**

_____
BY:
ITS:

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement to be executed and delivered as of the date first above written.

Dated: December 1, 2017

Robert C. Furr, Chapter 7 Trustee of
Rollaguard Security, LLC, Shamrock Jewelers, Inc.,
and Shamrock Jewelers Loan & Guarantee, LLC

_____


Dated: December 1, 2017

**BERGMAN LIMITED, INC. d/b/a**
**Bergman Jewelers**

BY: _____/s/ Ray Bergman_____
ITS:

**EXHIBIT B**

**Suarez, Jesus**

| | |
|---|---|
| **From:** | Jeffrey Siskind <jeffsiskind@msn.com> |
| **Sent:** | Monday, December 04, 2017 2:40 PM |
| **To:** | Suarez, Jesus |
| **Subject:** | RE: |

Confirmed.

Jeffrey M. Siskind, Esquire
S I S K I N D   L E G A L
Trump Plaza Office Center
525 S. Flagler Drive, Box 7
West Palm Beach, FL  33401
TEL  561-791-9565
FAX  561-791-9581
CELL 561-352-9166
jeffsiskind@msn.com
jeffsiskind@gmail.com

**From:** Suarez, Jesus [mailto:jsuarez@gjb-law.com]
**Sent:** Monday, December 4, 2017 2:03 PM
**To:** 'Jeffrey Siskind' <jeffsiskind@msn.com>
**Cc:** rfurr@furrcohen.com
**Subject:** RE:

** resending with attachment.

Please confirm that the signature page included in your e-mail below contains the signature of Ray Bergman as authorized representative of Bergman Limited, Inc., and that such signature page binds Bergman Limited, Inc. to the attached settlement agreement.  Assuming your confirmation, please forward a copy of the executed page as soon as possible.  Thanks.

**Jesus M. Suarez**
Genovese Joblove & Battista, P.A.
Direct 305.913.6682
jsuarez@gjb-law.com

**From:** Jeffrey Siskind [mailto:jeffsiskind@msn.com]
**Sent:** Monday, December 04, 2017 2:00 PM
**To:** Suarez, Jesus
**Subject:** FW:

Can this suffice?  I sent him the entire document.

Jeffrey M. Siskind, Esquire
S I S K I N D   L E G A L
Trump Plaza Office Center
525 S. Flagler Drive, Box 7
West Palm Beach, FL  33401
TEL  561-791-9565

FAX  561-791-9581
CELL 561-352-9166
jeffsiskind@msn.com
jeffsiskind@gmail.com

**From:** Raybergman [mailto:ray.bergman@gmail.com]
**Sent:** Monday, December 4, 2017 1:47 PM
**To:** jeffsiskind@msn.com
**Subject:**



Sent from my iPhone

2